PROB 12C
(6/16)

Report Date:  August 22, 2019

# United States District Court

### for the

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 22, 2019

SEAN F. McAVOY, CLERK

### Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Christopher Michael Crump          Case Number: 0980 4:18CR06021-EFS-1

Address of Offender:                      Walla Walla, Washington 99362

Name of Sentencing Judicial Officer:  The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: March 4, 2019

| | |
|---|---|
| Original Offense: | Felon in Possession of a Firearm and Ammunition, 18 U.S.C. § 922(g)(1) |

| | | | |
|---|---|---|---|
| Original Sentence: | Prison - 18 months; TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Ben Seal | Date Supervision Commenced: July 8, 2019 |
| Defense Attorney: | Paul Shelton | Date Supervision Expires: July 7, 2022 |

---

### PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 2**: After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as directed. |

**Supporting Evidence**: Mr. Crump is considered to be in violation of his conditions of supervised release by failing to contact his supervising U.S. probation officer by phone on August 5, 2019.

Mr. Crump's conditions of supervised release were reviewed with him on July 16, 2019. He signed his conditions acknowledging an understanding of his conditions to include standard condition number 2, as noted above.

Phone contact was made with Mr. Crump on July 31, 2019. During this contact, Mr. Crump admitted to violation behavior to include failing to call in for random urinalysis testing and admitting to using methamphetamine. He was directed to report by telephone weekly on Monday's to his supervising U.S. probation officer. Telephonic reporting was given as an option to Mr. Crump as he lives in Walla Walla, and lacked the resources to report in person to the Richland office. Mr. Crump failed to report by telephone on August 5, 2019.

Prob12C
**Re: Crump, Christopher Michael**
**August 22, 2019**
**Page 2**

2          **Special Condition # 2**: You must complete a mental health evaluation and follow any
           treatment recommendations of the evaluating professional which do not require forced or
           psychotropic medication and/or inpatient confinement, absent further order of the court. You
           must allow reciprocal release of information between the supervising officer and treatment
           provider. You must contribute to the cost of treatment according to your ability to pay.

           **Supporting Evidence**: Mr. Crump is considered to be in violation of his conditions of
           supervised release by failing to obtain a mental health evaluation and provide proof to his
           supervising U.S. probation officer by August 1, 2019.

           Mr. Crump's conditions of supervised release were reviewed with him on July 16, 2019. He
           signed his conditions acknowledging an understanding of his conditions to include special
           condition number 2, as noted above. Mr. Crump noted he would be going to Comprehensive
           Health Care for dual diagnosis treatment, and would sign a release of information. He was
           given until August 1, 2019 to provide proof of completion of his assessment.

           Mr. Crump has failed to report to the probation office as directed, as noted above. He has
           also failed to provide proof of attendance for mental health treatment.

3          **Special Condition # 4**: You must undergo a substance abuse evaluation and, if indicated by
           a licensed/certified treatment provider, enter into and successfully complete an approved
           substance abuse treatment program, which could include inpatient treatment and aftercare
           upon further order of the court. You must contribute to the cost of treatment according to
           your ability to pay. You must allow full reciprocal disclosure between the supervising officer
           and treatment provider.

           **Supporting Evidence**: Mr. Crump is considered to be in violation of his conditions of
           supervised release by failing to obtain a substance abuse evaluation and provide proof to his
           supervising U.S. probation officer by August 1, 2019.

           Mr. Crump's conditions of supervised release were reviewed with him on July 16, 2019. He
           signed his conditions acknowledging an understanding of his conditions to include special
           condition number 4, as noted above. Mr. Crump noted he would be going to Comprehensive
           Health Care for dual diagnosis treatment, and would sign a release of information. He was
           given until August 1, 2019 to provide proof of completion of his assessment.

           Mr. Crump has failed to report to the probation office as directed, as noted above. He has
           also failed to provide proof of attendance for substance abuse treatment.

4          **Special Condition # 6**: You must abstain from the use of illegal controlled substances, and
           must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but
           no more than 6 tests per month, in order to confirm continued abstinence from these
           substances.

           **Supporting Evidence**: Mr. Crump is considered to be in violation of his conditions of
           supervised release by failing to submit to random urinalysis testing since August 2, 2019.

           Mr. Crump's conditions of supervised release were reviewed with him on July 16, 2019. He
           signed his conditions acknowledging an understanding of his conditions to include special
           condition number 6, as noted above.

Prob12C
**Re: Crump, Christopher Michael**
**August 22, 2019**
**Page 3**

Mr. Crump was referred to Serenity Point Counseling Services for urinalysis testing on July 16, 2019. He was directed to call their office daily and to report for testing when indicated by their agency.

Serenity Point Counseling Services was contacted on August 9, 2019. They advised Mr. Crump has not contacted their agency since August 1, 2019.

5    **Special Condition # 6**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Crump is considered to be in violation of his conditions of supervised release by using a controlled substance, methamphetamine, on or about July 23, 2019 and August 7, 2019.

Mr. Crump's conditions of supervised release were reviewed with him on July 16, 2019. He signed his conditions acknowledging an understanding of his conditions to include special condition number 6, as noted above.

Mr. Crump was referred to Serenity Point Counseling Services for urinalysis testing on July 16, 2019. He was directed to call their office daily and to report for testing when indicated by their agency.

He provided a urinalysis test on July 23, 2019, which tested positive for methamphetamine. Alere Laboratories confirmed the positive result for methamphetamine on July 28, 2019. During a phone conversation on July 31, 2019, Mr. Crump admitted to using methamphetamine with friends.

Mr. Crump reported to his supervising Washington State DOC Officer on August 9, 2019, and admitted to using methamphetamine on August 7, 2019.

6    **Mandatory Condition # 1**: You must not commit another federal, state or local crime.

**Supporting Evidence**: Mr. Crump is considered to be in violation of his conditions of supervised release by being charged with driving with a suspended license on August 19, 2019, by the Walla Walla Police Department.

Mr. Crump's conditions of supervised release were reviewed with him on July 16, 2019. He signed his conditions acknowledging an understanding of his conditions to include mandatory condition number 6, as noted above.

Police reports have been requested for case number 9Z0700872. A hearing is scheduled in Walla Walla District Court on this matter for September 9, 2019.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the defendant to appear to answer to the allegation(s) contained in this petition.

**Prob12C**
**Re: Crump, Christopher Michael**
**August 22, 2019**
**Page 4**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: ___08/22/2019___

___s/Daniel M. Manning___

Daniel M. Manning
U.S. Probation Officer

THE COURT ORDERS

[  ]    No Action
[ X ]   The Issuance of a Warrant
[  ]    The Issuance of a Summons
[  ]    Other

___Edward F. Shea___

Signature of Judicial Officer

___August 22, 2019___

Date